UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO: 8:15-cr-356-CEH-CPT

TIMOTHY MUNRO ROBERTS
_____/

## AMENDED ORDER

This matter comes before the Court *sua sponte*. On June 19, 2020, Defendant filed an Unopposed Motion to Correct Clerical Error in the Presentence Report and to Issue an Amended Report (Doc. 179). On February 8, 2021, the Court entered an Order on the motion and requested the United States Probation Office to issue an amended sentencing report. Doc. 198. Upon further review, the Court finds no clerical error exists in the sentencing report. Therefore, no further amendment to the sentencing report is warranted, and Defendant's motion is due to be denied.

## DISCUSSION

Defendant was charged by way of a six-count Indictment naming both he and his co-defendant in a conspiracy to commit wire fraud (Count 1) and wire fraud (Counts 2-6). Doc. 1. Pursuant to a plea agreement, Defendant pleaded guilty to Count 5 of the Indictment, wire fraud in violation of 18 U.S.C. § 1343. Doc. 79. On January 30, 2017, the Court accepted Defendant's plea of guilty and adjudged him guilty of the offense. Doc. 86. On March 16, 2018, Defendant was sentenced to a term of imprisonment of 80 months. Doc. 161. The amended final presentence report (PSR)

found that Defendant had a Criminal History Category I because he had zero points in criminal offenses. Doc. 156 at 25–26. In the "Adult Criminal Convictions" section of the PSR, at paragraph 116, there is an entry for an arrest on March 5, 1998 for assaulting a person. Doc 156 at 26. It was a domestic abuse charge that imposed a suspended sentence and placed him on 1-year of unsupervised probation. *Id.* According to Defendant, the PSR's disposition failed to note that after the probationary period, the case was closed and there was no conviction.

Defendant submits that Paragraph 116 of the PSR is in error because the PSR presumed a conviction based on the guilty plea. Defendant's motion claims that this clerical error in his amended final presentence report results in his ineligibility for certain Bureau of Prison's (BOP) programs. Specifically, he contends the criminal charge should not be included in the section titled "criminal convictions," but instead should be included in the "other criminal conduct" section, the effect of which would be to change his classification and make him eligible for certain BOP programs.

Pursuant to Rule 36, Federal Criminal Rules of Procedure, the court may "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. A presentence investigation report is "part of the record" within the meaning of the rule for correcting clerical errors. *United States v. Mackay*, 757 F.3d 195, 198 (5th Cir. 2014) (noting a PSR is "embraced by the terms 'other part of the record' as used in Rule 36"). However, on the record here, no clerical error occurred. Because Defendant pleaded guilty, although he was never convicted, the charge nevertheless is included

2

in the "criminal conviction" section of the PSR. *See* U.S.S.G. § 4A1.2(f) ("A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered[.]"); *see also United States v. Rockman*, 993 F.2d 811, 814 (11th Cir. 1993) (stay of adjudication with probation after guilty plea is a diversionary disposition under section 4A1.2(f)); *United States v. Frank*, 932 F.2d 700, 701 (8th Cir. 1991) (guilty plea on state charge was properly counted as a prior sentence under Guidelines § 4A1.2(f) even though no conviction was formerly entered and defendant was placed on probation).

Accordingly, it is hereby

**ORDERED**:

1. The Court's February 8, 2021 Order (Doc. 198) is **VACATED**.

2. Defendant's Unopposed Motion to Correct Clerical Error in the Presentence Report and to Issue an Amended Report (Doc. 179) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on February 19, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties
United States Probation