UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO: 8:15-cr-356-CEH-CPT

TIMOTHY MUNRO ROBERTS
_____/

**ORDER**

This matter comes before the Court on Defendant's "Request to Seal all Orders/Motions/Responses Due to HIPPA (sic), Health, Medical in Defendant's Motions for Compassionate Release Case" (Doc. 199) and Defendant's "Second Request by Petitioner to Seal Motions with Medical Disclosures" (Doc. 213). In the motions, Defendant requests the Court enter an order sealing all documents related to his request for compassionate release and which contain any confidential medical information. The Court, having considered the motions and being fully advised in the premises, will grant-in-part and deny-in-part Defendant's motions to seal.

**DISCUSSION**

On January 9, 2017, Defendant, Timothy Munro Roberts, pleaded guilty to Count Five of the indictment charging Defendant with wire fraud in violation of 18 U.S.C. § 1343. Docs. 79, 83. Defendant was sentenced on March 16, 2018, to a term of eighty months' imprisonment, thirty-six months of supervised release, and other mandatory conditions. Doc. 161. On June 1, 2020, Defendant filed a Motion for Compassionate Release Seeking Home Confinement or Other Relief pursuant to 18

U.S.C. § 3582(c)(1)(A) (Doc. 175), requesting modification of his sentence due to the COVID-19 pandemic, coupled with his medical conditions. *Id.* at 24. The Government filed responses in opposition to Defendant's motion for compassionate release. Docs. 177, 178. A hearing on the motion was noticed but was rescheduled multiple times at Defendant's request. Docs. 184, 185, 189. The hearing on Defendant's motion was held December 16, 2020. Doc. 193. After hearing argument, the Court denied the motion. Doc. 194. A written order followed on December 18, 2020. Doc. 195.

Proceeding *pro se*, Defendant files two motions requesting the Court seal documents related to his motion for compassionate release. By his motions, Defendant seeks to seal all documents associated with his motion for compassionate release and which contain personal confidential medical information. Docs. 199, 213. In his second motion, he specifically requests the following docket entries be sealed: Docs. 175, 176, 177, 178, 179, 182, 183, 184, 185, 186, 187, 188, 189, 190, 19, 192, 193, 194, 195, 196, and 197. Upon consideration, the Court will grant in part Defendant's motions.

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing

of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id.* (describing balancing considerations).

Defendant requests the documents be sealed because they contain confidential personal health information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA"). The Court agrees that protecting disclosure of PHI is an appropriate basis and establishes good cause for sealing or redacting a document. However, many of the docket entries Defendant seeks to have sealed contain no PHI. In that regard, Docs. 176 and 179 have nothing to do with Defendant's compassionate release motion, and Doc. 182 was vacated by Doc. 183. Docket entries 184, 185, 186, 187, 188, 189, 190, 191, and 192 concerned the scheduling and rescheduling of the hearing. Docket entries 193 and 194 pertained to the hearing on Defendant's motion but contain no reference to Defendant's PHI. Docs. 196 and 197 relate to defense counsel's withdrawal. Thus, sealing of Docs. 176, 179, 182–194, 196, and 197 is not warranted.

Because the Defendant's motion (Doc. 175), the Government's responses (Docs. 177, 178), and the Court's Order (Doc. 195) on Defendant's motion contain references to Defendant's medical condition and PHI throughout the documents, the Court will grant the motions to seal as to those docket entries.

Accordingly, it is hereby

**ORDERED**:

1.      Defendant's Request to Seal all Orders/Motions/Responses Due to HIPPA, Health, Medical in Defendant's Motions for Compassionate Release Case (Doc. 199) is **GRANTED in part and DENIED in part**.

2.      Defendant's Second Request by Petitioner to Seal Motions with Medical Disclosures (Doc. 213) is **GRANTED in part and DENIED in part**.

3.      The motions are granted to the extent that the Clerk is directed to seal the documents at Docs. 175, 177, 178, and 195. In all other respects, the motions are denied.

**DONE AND ORDERED** in Tampa, Florida on November 10, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties