UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:15-cr-356-CEH-CPT

TIMOTHY MUNRO ROBERTS
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion to Reconsider Order Denying Early Termination of Supervised Release (Doc. 234). In the motion, Defendant requests the Court reconsider its order denying Defendant's motion for early termination of supervised release because of factual errors in the Court's denial. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Reconsider Order Denying Early Termination of Supervised Release.

**DISCUSSION**

On November 16, 2022, the Court denied Defendant's *pro se* Motion for Early Termination of Supervised Release (Doc. 224) because he was ineligible as he had not completed at least one year of supervision and there was no evidence before the Court to support Defendant's argument that he is entitled to First Step Act credits. Defendant moved again for early termination on May 28, 2024, which the Court denied. Docs. 228, 231. Defendant now asks the Court to reconsider its decision.

Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and the Eleventh Circuit Court of Appeals have permitted parties to file such motions in criminal cases. *See United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. *See United States v. Hammoud*, Case No. 8:04-cr-2-JDW-MAP, 2012 WL 13176320, at *1 (M.D. Fla. Sept. 13, 2012). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Those parameters have been interpreted to include: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *United States v. Harris*, No. 2:17-cr-78-SPC-NPM, 2020 WL 2615530, at *1 (M.D. Fla. May 22, 2020) (quoting *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999)). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" court's ruling. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Finally, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation and quotation omitted).

After considering the Motion, the record, and applicable law, the Court finds that Defendant does not demonstrate the availability of new evidence, an intervening change in controlling law, or a need to correct clear error or manifest injustice, to warrant a reconsideration of the Court's prior ruling. Although Defendant has now served more than one year of supervised release, there is still no evidence before the Court to support Defendant's argument that he is entitled to First Step Act credits or to have such credits applied to reduce his term of supervised release. See *Guerriero v. Miami RRM*, No. 24-10337, 2024 WL 2017730, at *1 (11th Cir. May 7, 2024). Defendant argues that *Guerriero* is inapplicable because the U.S. Department of Justice has verified his entitlement to 540 days of FSA credits (Doc. 234 at 2), but that does not change the fact that FSA time credits are to be used to reduce incarceration time, and Defendant is no longer incarcerated.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Reconsider Order Denying Early Termination of Supervised Release (Doc. 234) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 16, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties